UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD H. PHILLIPS III,<br>Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE CO., a Texas corporation, UNITED SERVICES AUTOMOBILE ASSOCCATION, a Texas intrainsurance exchange doing business in the State of Washington, and AJAI COMBELIC, an individual resident of Washington State,<br>Defendants. | No. 2:16-CV-0381-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND MOTION TO STRIKE; GRANTING PLAINTIFF'S MOTION TO EXPEDITE; DENYING JOINDER |

BEFORE THE COURT is Plaintiff Richard H. Philips, III's Motion to Remand (ECF No. 5), Motion to Strike (ECF No. 14), and Motion to Expedite (ECF NO. 15). The Court has reviewed the record and files herein, and is fully informed.

**BACKGROUND**

The case arises out of a driving accident between Ajai Combelic and

Plaintiff Richard H. Phillips, III, and a subsequent dispute between Mr. Phillips and his insurance provider, USAA Casualty Insurance Company ("USAA CIC"), for uninsured motorist coverage. ECF Nos. 1 at 14, ¶ 2.12; 3 at ¶ 15. It is undisputed that Mr. Combelic was solely at fault for the accident, ECF Nos. 1 at 14, ¶ 2.14; 2 at ¶ 18, and that Mr. Combelic's insurance settled with Mr. Phillips for the policy amount of $25,000.00. *See* ECF No. 12 at 11. USAA CIC, Mr. Phillips insurance company, allowed Mr. Phillips to accept Mr. Combelic's limits and agreed to waive it Personal Injury Protection and Underinsured Motorist coverage subrogation rights.[1] *See* ECF No. 12 at 16.

USAA CIC admits that it issued an automobile policy to Mr. Phillips for underinsured motorist coverage for the relevant period. ECF Nos. 1 at 12, ¶ 1.4; 3 at ¶ 4. According to Mr. Phillips, he was able to get insurance through USAA CIC because of his membership with the United States Automobile Association

---

[1] Plaintiff objects to the admission of this evidence for review on the grounds it is hearsay, not based upon personal knowledge, and cannot be authenticated by USAA CIC's attorney. ECF No. 14 at 3. Even if true, USAA CIC (through its attorney as its agent) admits Mr. Combelic does not have insurance beyond the $25,000.00 settlement amount. ECF No. 11 at ¶ 4. As such, the motion is moot to the extent the position reasserts USAA CIC's position.

("USAA"). ECF No. 3 at ¶ 1.6. USAA is a reciprocal inter-insurance exchange comprised of individual members. ECF No. 3 at ¶ 1.5.

After the settlement with Mr. Combilec, Mr. Phillips sought coverage under his underinsured motorist coverage through USAA CIC for injuries allegedly sustained in the accident that exceeded the settlement amount. ECF No. 1 at 17, ¶¶ 2.44-2.116. Mr. Phillips (through his attorney) and USAA CIC disagreed on the amount of damages covered by the policy. *See* ECF No. 1-2 at 31-69. After several failed attempts to recover the requested amount, Mr. Phillips filed a Complaint against USAA CIC in the Washington State Superior Court for Spokane County on September 27, 2016, captioned *Richard H Phillips 111 v. USAA Casualty Insurance Co.*, Case No. 16-2-3808-0. ECF No. 1 at 2, ¶ 1. Among other things, Mr. Phillips asserted USAA CIC violated Washington Law and breached its duty in failing to properly respond. ECF No. 1 at 3, ¶ 5.

USAA CIC removed the case to federal court and filed an Answer (ECF No. 2). ECF Nos. 1, 2. In the Answer, USAA CIC denies Mr. Combelic is an underinsured and asserts that there is a dispute as to the "value of the injuries and damages Plaintiff claims were caused by the Incident." ECF No. 2 at ¶¶ 16, 18. Plaintiff then filed an amended complaint (ECF No. 3) adding two allegedly non-diverse parties: (1) Mr. Combelic for a declaratory judgment that he has no additional insurance, ECF No. 3 at ¶ 1.2, and (2) USAA under a piercing the veil

theory for USAA CIC's potential liability, ECF No. 3 at ¶¶ 1.6-1.7. Plaintiff soon after filed a Motion to Remand (ECF No. 5). USAA CIC filed its Response (ECF No. 10), supported by a Declaration by USAA CIC's attorney (ECF No. 11), requesting the Court deny the Motion to Remand and deny joinder of Mr. Combelic and USAA. Plaintiff then filed a Motion to Strike (ECF No. 14), requesting the Court strike the majority of the substance of the Declaration. For the reasons discussed below the Court **DENIES** Plaintiff's Motion to Remand (ECF No. 5) and Motion to Strike (ECF No. 14), **GRANTS** Plaintiff's Motion to Expedite (ECF No. 15), and denies joinder of Mr. Combelic and USAA.

## DISCUSSION

### A. Law

**"**It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder is a term of art and merely refers to when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* Where fraudulent joinder is an issue, "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Id.* (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Although a court will generally look to the pleadings alone for removal jurisdiction, *id.*, fraudulent

joinder claims may be resolved by considering summary judgment-type evidence such as affidavits. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)).

**B. Mr. Combelic**

Plaintiff amended his complaint (ECF Nos. 1, 3) requesting a declaratory judgment "that Mr. Combelic's $25,000 automobile liability policy limit was the only insurance available to Mr. Combelic for Mr. Phillips' damages." ECF Nos. 3 at ¶ 3.23; 5 at 4. Plaintiff argued that this amendment was in response to USAA CIC's denial that Mr. Combelic is an underinsured, and that the addition is required because only parties before the court are bound by a declaratory judgment. ECF No. 5 at 2, 4. Whether Mr. Combelic is underinsured is important for the instant suit to the extent that USAA CIC will be liable only for the amounts not covered by Mr. Combelic's insurance. If the amount of insurance available to Mr. Combelic for the underlying accident were truly in debate, joinder would be proper, and the Court would remand the case as Plaintiff now requests (ECF No. 5)—that is, assuming Mr. Combelic is a non-diverse party.

USAA CIC submitted its Response to Plaintiff's Motion to Remand (ECF No. 10) explaining that USAA CIC denied Mr. Combelic was an underinsured because USAA CIC disputes whether Plaintiff was damaged beyond the

$25,000.00 settlement. ECF No. 10 at 7-8. In other words, USAA CIC explains the denial was based on a dispute about the *amount of damages, not the amount of insurance available* to Mr. Combelic for Plaintiff's injuries. The Response is supported by the declaration of Derek Taylor, an attorney for USAA CIC, ECF No. 11 at ¶ 2, which provided the following explanation:

> Paragraphs 2.11-2.13 of Plaintiff's Complaint contains legal conclusions regarding the status of Mr. Combelic, and therefore, no admission or denial is required. To the extent an answer or denial was required, defendant USAA CIC denied Mr. Combelic was an underinsured driver because there are disputes as to the proximate cause, nature, extent, and value of the injuries and damages Plaintiff claims were caused by the accident with Mr. Combelic. In other words, USAA CIC is contesting the total value of plaintiff's injury claim, which may turn out to not exceed Mr. Combelic's underlying limits, which in fact, would mean Mr. Combelic is not underinsured.

ECF No. 11 at ¶ 4. Plaintiff subsequently moved the Court to strike this explanation, reasoning:

> In paragraph 4, counsel for [USAA CIC] makes out of court statements to assert the truth of these statements. This paragraph 4 is both hearsay and asserts legal conclusions. USAA's answer is a pleading and cannot be amended by declaration of counsel. It is a pleading and it has independent significance and must be amended by court rule.

ECF No. 14 at 2.

Ironically, Plaintiff's stance is against its own interest, as USAA CIC's admission that Mr. Combelic does not have additional insurance puts any remaining liability for Plaintiff's injuries on USAA CIC as the party liable for

damages not covered by insurance (as opposed to claiming there was additional insurance, which would decrease USAA CIC's potential liability and force the Plaintiff's to pursue Mr. Combelic for additional insurance proceeds).

Ultimately, the explanation proffered undermines any need to bring Mr. Combelic into the suit, as USAA CIC concedes the very issue Plaintiff asks to settle by a declaratory judgment. The explanation proffered does not amend Defendant's answer (ECF No. 2), nor is it proffered for the truth of the matter asserted—it merely addresses an ambiguity arising from the denial that Mr. Combelic was underinsured by explaining the denial was based on the amount of damages, not amount of insurance available to Mr. Combelic. Mr. Combelic has been released of liability by all parties involved for the underlying accident and there is no other claim asserted against Mr. Combelic. The Court is denying joinder of Mr. Combelic.

**C. USAA**

Plaintiff's amended complaint (ECF No. 3) adds USAA as a defendant, but does not assert any claims directly against USAA other than for its alleged liability for USAA CIC's conduct under a piercing the veil theory. ECF No. 3 at ¶¶ 1.5-1.8. The Amended Complaint is otherwise devoid of any mention of USAA beside the statement that Plaintiff obtained insurance through USAA and the conclusory

statement that USAA is responsible through vicarious liability, agency/partnership, and Washington state common law for all acts of USAA CIG. ECF No. 3 at ¶ 1.8.

As USAA CIC notes, USAA CIC is a separate and distinct corporate entity from USAA, ECF No. 10 at 9, so USAA CIC may only be liable in the "extraordinary" circumstance that piercing the veil is proper. *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1230 (9th Cir. 2005). In Washington, the corporate entity is disregarded "when the corporation has been intentionally used to violate or evade a duty owed to another." *Meisel v. M & N Modern Hydraulic Press Co.*, 97 Wash.2d 403, 409–10 (1982). This requires two essential factors: "First, the corporate form must be intentionally used to violate or evade a duty" and "second, disregard must be necessary and required to prevent *unjustified* loss to the injured party." *Id.* (emphasis added, internal quotation omitted). With regard to the first element, the court must find an abuse of the corporate form, which typically involves "fraud, misrepresentation, or some form of manipulation of the corporation to the stockholder's benefit and creditor's detriment." *Id.* (citing *Truckweld Equip. Co. v. Olson*, 26 Wash. App. 638, 645 (1980)). "With regard to the second element, wrongful corporate activities must actually harm the party seeking relief so that disregard is necessary. Intentional misconduct must be the cause of the harm that is avoided by disregard." *Id.*

Here, as USAA CIC correctly notes, there is no dispute that USAA CIC is willing to pay the amount *actually* owed—the only dispute centers on how much is actually owed. ECF No. 10 at 10. As a result, it is not the case that USAA CIC is attempting to violate or evade a duty through use of its corporate form, nor is it the case that disregarding the veil is necessary to prevent an unjustified loss. Further, there is no allegation of corporate informalities. See ECF No. 3. As a result, Plaintiff has failed to state a viable cause of action and the Court is denying joinder of USAA. Accordingly, Plaintiff's Motion to Remand (ECF No. 5) is **DENIED**. Plaintiff's Motion to Strike is **DENIED** in Part and is rendered **MOOT** otherwise.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand (ECF No.5) is **DENIED**.
2. Plaintiff's Joinder of Defendants' Ajai Combelic and USAA is **DENIED**.
3. Plaintiff's Motion to Strike (ECF No. 14) is **DENIED** in part and **MOOT** in part.
4. Plaintiff's Motion to Expedite (ECF No. 15) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 3, 2017.

THOMAS O. RICE
Chief United States District Judge