UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RICHARD H. PHILLIPS III,

Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY d/b/a "USAA," a TEXAS corporation,

Defendant.

No. 2:16-CV-0381-TOR

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR (PARTIAL) SUMMARY JUDGMENT

BEFORE THE COURT is Plaintiff Richard H. Phillips' Motion for (Partial) Summary Judgment (ECF No. 42). The matter was heard with oral argument on April 26, 2017. Troy Y. Nelson and Ryan M. Best represent Plaintiff. Bradley E. Smith and Derek T. Taylor represent Defendant. The Court has reviewed the record and files herein, heard oral argument and is fully informed. For the reason discussed below Plaintiff's Motion is **GRANTED IN PART**.

//

//

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR (PARTIAL) SUMMARY JUDGMENT ~ 1

## FACTS

The instant case arises out of an underinsured motorist claim submitted to Defendant USAA by its insured, Plaintiff Mr. Phillips. The material facts are not in dispute for this motion.

The underlying accident occurred on November 29, 2013. ECF No. 45 at ¶ 5. Relevant to the issue before the Court, Plaintiff settled with the at-fault driver for $25,000 and exhausted his PIP benefits of $10,000 through USAA.[1] On March 19, 2014, Plaintiff told USAA that he was "getting better[,]" that his doctor said that the release date of his treatment will be around the first of April, and that he is a multi-sport athlete who works out every day. ECF No. 53 at 74. Plaintiff did not

---

[1] Plaintiff sought chiropractic care, physical therapy, and acupuncture treatment, which USAA paid for under Plaintiff's PIP policy. ECF No. 43-1 at 587, ¶ 3. Despite its initial denial of some of the claims based on peer reviewed reports, USAA paid for this care after Plaintiff hired counsel to assert his rights. ECF Nos. 43-1 at 51; 45 at ¶¶ 14-16. USAA asserts that it sought a peer review of Plaintiff's treatment to determine whether it was reasonably related to the November 29, 2013 accident, because of a delay in seeking treatment and an eight-month gap in treatment. ECF No. 52 at 3.

seek treatment for eight months after March, 2014, but then sought chiropractic treatment and acupuncture until October 1, 2015. ECF No. 52 at 4-5.

On October 13, 2015, Plaintiff was involved in a similar motor vehicle accident, where Plaintiff complained of tingling in his lower back and right upper neck, for which Plaintiff received chiropractic care and acupuncture under his PIP policy. ECF Nos. 43-1 at 59; 53 at 79-83

Mr. Philipps' counsel sent a letter dated April 19, 2016 to USAA seeking to recover under Mr. Phillips' Underinsured Motorist policy. The letter sought to settle Mr. Phillips claim for the $100,000 policy limit, citing (1) special damages of $96,000 (amounting to a claim of $61,000 in special damages after accounting for Plaintiff's recovery of $10,000 from his PIP insurance and $25,000 from the at-fault driver's insurance policy) and (2) other unquantified damages for rehabilitation, economic loss, and impact on Plaintiff's life. ECF No. 43-1 at 2-3. Included with the letter was a March 15, 2016 declaration from board-certified orthopedic surgeon Russell S. Vanderwilde, M.D. ECF No. 43-1 at 53-54.

//

//

//

//

//

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR (PARTIAL) SUMMARY JUDGMENT ~ 3

The declaration states that Dr. Vanderwilde performed an MRI study[2] and that on a more probable than not basis and based on a reasonable degree of medical certainty (1) Mr. Phillip's torn shoulder and hip are related to the motor vehicle accident of November 29, 2013 and (2) Mr. Phillips is going to require surgery to repair the torn labra in his shoulder and hip, and that but for the accident, Mr. Phillips would not have had to incur the treatment bills, pain, suffering and disability caused by his shoulder and hip injuries. ECF No. 43-1 at 53. The letter states the shoulder and hip operation will cost $35,000 and $40,000, respectively, and that Mr. Phillips will need one year of rehabilitation. ECF No. 43-1 at 53. The declaration did not mention the October 13, 2015 accident.

USAA sent a letter to Plaintiff's counsel dated May 6, 2016 offering $45,000 ($16,000 less than the unpaid, claimed special damages and $55,000 less than the policy limit); the letter stated the "offer represents the fair value of the claims." ECF No. 43-1 at 11. Plaintiff's counsel followed up with a letter dated May 9, 2016 requesting a check for the undisputed amount and informing USAA that Mr. Phillips would be pursuing an Insurance Fair Conduct Act claim for the

---

[2] The declaration does not state when the MRI study was conducted or, alternatively, that the opinion took into account the second accident, which preceded the date on the declaration.

remaining $55,000, asserting the offer is in bad faith and grossly under-evaluates the damages. ECF No. 43-1 at 14. The letter noted that Mr. Phillips is willing to give USAA 20 days to do a fair investigation and to pay a fair settlement. ECF No. 43-1 at 15.

USAA replied with a letter dated May 27, 2016, stating that it issued the undisputed amount; the letter did not mention the remaining disputed amount. ECF No. 43-1 at 18. Plaintiff's counsel then sent a letter dated May 31, 2016 noting that the May 27 letter did not address the disputed amount. ECF No. 43-1 at 20. USAA replied by letter dated June 1, 2016, stating that USAA is "willing to negotiate, if you are able to come off of the policy limit demand." ECF No. 43-1 at 22. Counsel for Mr. Phillips renewed its demand for payment on June 1, 2016, ECF No. 43-1 at 24-26, to which USAA replied on June 13, 2016 requesting copies of the medical records and stating that USAA will be requesting a peer review of the records upon receipt of the requested films. ECF No. 43-1 at 29.

On July 11, 2016, USAA confirmed receipt of the requested medical records and stated that the records had been forwarded for a peer review and that, when USAA receives the peer report they will contact Mr. Phillips for further negotiations. ECF No. 43-1 at 40. USAA sought a peer review from Christopher Boone, M.D., who issued a report on August 9, 2016 challenging Dr.

Vanderwilde's assertion that the hip and shoulder tears were caused by the November 29, 2013 accident.

Mr. Phillips filed a Complaint against USAA CIC in the Washington State Superior Court for Spokane County on September 27, 2016. ECF No. 1. Plaintiff is now seeking partial summary judgment. ECF No. 42.

STANDARD OF REVIEW

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

A fact is "material" if it might affect the outcome of the suit under the governing law. *Libberty Lobby*, 477 U.S. at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable trier-of-fact could find in favor of the non-moving party. *Id.* In ruling upon a summary

judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). *See Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014) ("[I]n ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." (internal quotation marks and brackets omitted)).

## DISCUSSION

Plaintiff seeks summary judgment on the issues of bad faith and consumer protection violations. ECF No. 42. Plaintiff points to several purported violations of WAC 284-30-330 to support his bad faith claim and Washington Consumer Protection Act claim.[3] ECF No. 42 at 8-10.

---

[3] Plaintiff also raises the issue of whether USAA acted in bad faith by recommending "certain treatment options to Mr. Phillips and then refus[ing] to pay for the recommended treatment[,]" ECF No. 42 at 6, but provides no further argument or context in its motion. *See*, *generally*, ECF No. 42. At oral argument Plaintiff clarified that this was related to USAA's recommendation to see an

Plaintiff argues USAA has violated WAC 284-30-330(4), which an insurer violates by "[r]efusing to pay claims without conducting a reasonable investigation." First, it is questionable whether an ongoing attempt to settle the claim is the same as "refusing to pay" under this code, and no cases have been cited for this point.[4] Notably, other provisions of WAC 284-30-330 specifically reference settlement of a claim, suggesting there is a difference. Even assuming the initial compromise offer is a refusal, the Court cannot say that, as a matter of law, USAA's investigation was not reasonable. Although USAA did not, at that

---

orthopedic surgeon and get an MRI, but then conceded this did not constitute a violation of the WAC and did not further argue it constituted bad faith.

[4] At oral argument, counsel for Plaintiff argued that an unreasonably low settlement offer is tantamount to a refusal. Even if this is the case, there is a question as to whether the offer was unreasonably low, as the offer still valued the claim at $80,000 where the claimed special damages were $96,000. Moreover, in the UIM context, the nature of the dispute is adversarial and the insured is not supposed to be put in a better position than if injured by one that is fully insured. This puts USAA in a relationship similar to the at-fault-driver's insurance company, where the insurance provider is clearly allowed to attempt to settle a claim while ultimate liability (causation) is at least questionable.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR (PARTIAL) SUMMARY JUDGMENT ~ 8

time, have a medical opinion directly rebutting the opinion of Dr. Vanderwilde, Dr. Vanderwilde's opinion did not take into account whether the second accident, which occurred before he wrote his opinion,[5] had any relation to the noted injuries.[6] Although this may be a close call, and USAA could clearly have sought its peer review before offering to settle, USAA had past records where Plaintiff indicated he was doing better and was working out every day[7] and also had reports from a licensed acupuncturist stating that continued treatment was not medically

---

[5] Although counsel for Defendant noted there was an MRI dating from 2014, which preceded the second accident, there is a question as to whether Dr. Vanderwilde's opinion was based on this or a subsequent MRI, and under the lens of summary judgment, the Court must take all reasonable inferences in favor of the non-movant.

[6] Plaintiff raises the question of whether rejecting causation testimony of a medical expert by an adjuster with no medical training constitutes bad faith as a matter of law, ECF No. 42 at 6, but the Court need not directly address this issue because the medical opinion failed to address the intervening car accident, so there is technically not an outright rejection of the opinion.

[7] ECF No. 52 at 74.

reasonable or necessary,[8] which indicates there is at least a question as to whether USAA had to conduct additional investigation in order to meet its obligation.

Plaintiff also asserts USAA breached its duty under WAC 284-30-330(4), which requires the insurer to "attempt in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear." Similar to above, there is a genuine issue of material fact as to whether liability was reasonably clear, as USAA had records indicating Plaintiff was doing better and was working out daily, and the medical opinion of Dr. Vanderwilde did not address the second car accident, which could have been the genesis of the need for surgery.

Plaintiff argues USAA violated WAC 284-30-330(7), which an insurer violates when "compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by

---

[8] *See* ECF No. 53 at 47, 52, 58, 67, 72. Plaintiff argues these records are inadmissible, stating they are unsworn medical opinions. ECF No. 57 at 3-4. However, the authenticity of the records were supported by sworn affidavit. *See* ECF No. 53 at 3. Regardless, even if not considered, the evidence still suggests there is a reasonable basis for questioning causation, at least under the lens of summary judgment.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR (PARTIAL) SUMMARY JUDGMENT ~ 10

offering substantially less than the *amounts ultimately recovered in such actions or proceedings*." (emphasis own). There has been no ultimate recover, so a decision on this issue is premature.[9]

Finally, Plaintiff contends USAA has violated WAC 284-30-330(13), which requires the insurer to "promptly provide reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law . . . for the offer of a compromise settlement." By its plain terms, this requires an explanation for the offer in terms of what was available to USAA at the time of the offer[10]—*i.e.* later

---

[9] At oral argument, counsel for Plaintiff argued that USAA violated this provision when it initially denied Plaintiff's claims under his PIP policy and then continued paying after Plaintiff hired an attorney and appealed the decision. However, the provisions does not, on its face, apply to requiring an insured to hire an attorney, but rather only applies when the claimant is required to litigate, arbitrate, or seek an appraisal to recover the amounts due.

[10] At oral argument, counsel for Defendant argued that the WAC provision only requires an explanation when the compromise is based on the policy— presumably arguing this provision only applies when the policy excludes coverage. However, as with all insurance claims, the claim—and any refutation of the claim—is based on the policy. Thus, any offer to compromise—even if based

evidence cannot be the factual basis for a previous attempt to settle. Although USAA's offer of compromise gave some explanation in that it stated the offer represents the fair value of the claim, it provides no explanation (in relation to the facts or applicable law) as to why USAA purportedly believed that to be the value of the claim—*i.e.* it does not state the reasons it now proposes, *viz.* a delay in treatment, minor vehicle damages, the comment that Mr. Phillips is doing better, etc. *See* ECF No. 53 at 5-6. This explanation is tantamount to no explanation, and thus USAA did not comply with WAC 284-30-330(13).

A violation of WAC 284-30-330(13) may provide a basis for a bad faith and CPA claim, but for each claim there must be damages arising from the violation, *Am. Manufacturers Mut. Ins. Co. v. Osborn*, 104 Wash.App. 686, 697–98 (2001), and Plaintiff has not provided any argument regarding damages specifically on this point. Notably, a later explanation supported by Dr. Boone was given for USAA's ultimate position—*viz.* that the injury is not related to the initial vehicle accident, but is rather a result of stress over time—so this error may have been harmless, at least under the lens of summary judgment. Accordingly, while the Court recognizes a violation has taken place as a matter of law, it cannot reach the

---

merely on a lack of causation—is based on the policy, as the policy covers harm caused by the accident but otherwise does not provide coverage.

ultimate conclusion that a bad faith or CPA claim has been proven as a matter of law given both these claims require damages. *Id.*

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for (Partial) Summary Judgment (ECF No. 42) is **GRANTED IN PART**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** April 27, 2017.

THOMAS O. RICE
Chief United States District Judge